[Crim. No. 3058.   Second Appellate District, Division One.—March 22, 1938.]

THE PEOPLE, Respondent, v. HAVEN EDWIN POLLOCK, Appellant.

Agins & Allen for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was found guilty by a jury of the offense of rape, a felony, appeals from the judgment.

The evidence reveals the following: the prosecutrix was a single woman at the time of the alleged attack; she was 33 years of age, weighed 117 pounds, and was a nurse by occupation. She was living with another nurse in an apartment in Los Angeles, and, in fact, had been in Los Angeles for only six months. She first met the defendant, who was a friend of her roommate's boy friend, on August 9, 1937. About a week later, namely on Sunday, August 15th, in the afternoon, defendant and another man who was referred to as "Butch" called upon the prosecutrix at her apartment. After they had stayed awhile, the prosecutrix told them she was going to a dinner party that evening. Defendant, however, persuaded her to accompany them to Glendale, as he was driving "Butch" home; he told her that she would

be back at the apartment by 7:30 P. M. It appears that after "Butch" was let out of the car at his destination, defendant drove for about fifteen or twenty minutes until he had reached a deserted place in Burbank, off of the road. The prosecutrix was unfamiliar with the territory surrounding Los Angeles. She testified that, " . . . I asked him where we were going and he just kept quiet and I thought we were going towards home." Defendant at that place stopped the car and thereupon proceeded to force his attentions upon the prosecutrix. She struggled and finally succeeded in getting away from the car. Defendant, however, overtook her, and completed the attack upon which the alleged offense is based. Police officers subsequently arrived upon the scene.

The physician who examined the prosecutrix at the Burbank Emergency Hospital shortly thereafter, testified that she was "in a hysterical state, and she was crying and wringing her hands . . . ", and that he "noticed that her stockings were torn and her knees were abrased as if she had fallen or been on some sharp object, and I noticed that her thighs were skinned with blood on them about two-thirds of the way down to the knees, and I examined the vaginal tract, and I noticed that the hymen, or the maidenhead had been torn and that it was bleeding and blood was still oozing from it. And, on further examination there was blood inside, coming from that wound."

Appellant contends, in substance, that the evidence is insufficient to sustain a conviction of rape with force and violence; that the court failed to instruct the jury properly on the question of the resistance of a female to support the charge of rape; that the introduction into evidence of testimony tending to show that the prosecutrix was of previous chaste character, was improperly admitted; that the district attorney was guilty of misconduct in asking the prosecutrix whether the defendant had communicated gonorrhea to her; and that it was error to permit the impeachment of defendant's character witness who had "expressed the personal opinion to the arresting officers that the defendant was 'tough'."

■ With regard to appellant's contention first above mentioned, namely, that the evidence is insufficient to sustain the conviction, it may be said that in all probability the

same argument offered in support of the appeal herein was also addressed to the jury. That question, which was then a question of fact, was decided adversely to the defendant, and the determination thereof by the jury is final unless, for legal reasons, it becomes the court's duty to set it aside. Such rule applies not only to trial courts but to appellate tribunals as well. There is nothing in the record that would justify the conclusion that, as a matter of law, the evidence is insufficient to support the verdict of the jury.

In connection with the claim that the trial court failed to properly instruct the jury on the subject of ''resistance'', the record reveals that the jury was instructed as to the definition of rape as defined by section 261, subdivisions 3 and 4, of the Penal Code; the jury was further instructed that ''force is a necessary element in a crime of rape'' and that ''the employment of persuasion . . . is not sufficient''. The following instruction was also given on the subject of resistance: ''The resistance of the female to support a charge of rape need only be such as to make nonconsent and actual resistance reasonably manifest. The female need resist only until physical penetration occurs, when the crime is complete, and her failure to resist after that is immaterial; and she need only resist until resistance becomes so useless as to warrant its cessation.'' Appellant urges in particular that the instruction last quoted was insufficient. It may be conceded, in connection with the subject of ''necessary resistance'' that the trial court did not adopt, in exact words, approved instructions hitherto given on the same subject, but it does not necessarily follow that for this reason the instructions given were insufficient. To the contrary, the instructions on the element of ''resistance'', although brief, were clear and adequate, from which it cannot be said that the jury suffered any misunderstanding as to the law.

Appellant complains about the introduction in evidence of testimony tending to show that the prosecutrix was of previous chaste character. In particular, in this connection, exception is taken to the testimony of the physician who examined the victim immediately following the commission of the alleged offense, and who testified that the hymen showed a fresh rupture which was still bleeding. From such testimony, appellant argues that evidence indi-

rectly tending to prove previous chaste character was received in violation of the rule that previous chastity of the prosecutrix is presumed, and that evidence thereof is inadmissible in advance of an attack thereon. The argument is without merit. The evidence above referred to was clearly relevant and it is well settled that when evidence is admissible for one purpose it cannot be excluded because it does not satisfy the rules applicable to it in some other respect. Under such circumstances, a failure to request an instruction limiting the effect of such evidence forecloses relief on appeal. (10 Cal. Jur., p. 816.) ▮ It is also urged by appellant that an offer to admit by stipulation the act of intercourse, although refused by the district attorney, nevertheless eliminated that issue, and hence that all evidence tending to prove the act of sexual intercourse should have been excluded. Appellant's contention in this regard is likewise without merit. The district attorney was not bound to accept defendant's offer. Except as ordained by law, the district attorney, in connection with the performance of an official act, is not required to accept the judgment of a stranger to the office.

▮ The act of the district attorney, in inquiring of the prosecutrix as to whether she became infected with gonorrhea as a result of the alleged attack, was assigned as misconduct, and, at the request of defendant's counsel, the jury was duly admonished. Appellant's claim of prejudice as a result of such asserted misconduct would have some merit were it not for the fact that what was effectively excluded on direct examination was thereafter brought out on cross-examination by defendant's counsel. The questions, and answers of the prosecutrix, on cross-examination follow: "Q. Did you reach down at any time to get hold of his right hand? A. No, I did not. Q. Why didn't you? A. Because I was afraid of an infection, that I might get it in my eyes and get an infection and I did develop gonorrhea." Thus, to the argumentative question: "Why didn't you?" the prosecutrix replied that she developed gonorrhea. No motion was made to strike the answer, and as a result the evidence remained in the record for the jury's consideration. Appellant, under such circumstances, can scarcely be heard to complain of the inquiry made by the district attorney on the same subject.

Assuming, for the sake of argument, that the effort to impeach one of defendant's character witnesses went beyond the limit of the rule when it was sought to prove that said character witness had stated "that the defendant was tough", nevertheless it does not appear, after an examination of the entire record, that the error complained of could have affected the substantial rights of the defendant or brought about a different verdict than otherwise would have resulted. Under such circumstances, section 4½ of article VI of the Constitution of California is controlling.

For the foregoing reasons the judgment appealed from is affirmed.

York, P. J., and White, J., concurred.