[Crim. No. 2472.   First Dist., Div. Two.   Sept. 25, 1947.]

THE PEOPLE, Respondent, v. FRANCIS FORD, Appellant.

Archer Zamloch for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant Ford and one Glover were jointly charged with rape by force and violence and were both convicted by a jury.

It is claimed that the evidence did not establish the necessary element of resistance by the complaining witness. The complaining witness met appellant in a tavern in San

Francisco. Appellant about midnight agreed to drive the complaining witness to her home. These two and Glover got into appellant's automobile and instead of driving toward the complaining witness' home appellant drove across the San Francisco county line and into some sparsely settled hills in San Mateo County. On the way Glover with no apparent provocation brutally struck the complaining witness about the face and mouth several times and seized her purse from her. The car was stopped in the hills and appellant put his arms around the complaining witness' torso and held her down while Glover accomplished two successive acts of copulation. She pleaded with them to desist, but after the brutal beating that she had received "I was scared. I was afraid to move. I did not know whether to try and get out or to sit there or what to do." The evidence amply supports the verdict. "The courts no longer follow the primitive rule that there must be resistance to the utmost." (*People* v. *McIlvain,* 55 Cal.App.2d 322, 329 [130 P.2d 131].) "The resistance required in each case depends upon the circumstances of that case, such as the relative strength of the parties, the uselessness of resistance, the degree of force manifested and other factors. The resistance of the prosecutrix need only be such as to make nonconsent and actual resistance reasonably manifest." (*People* v. *Burnette,* 39 Cal.App.2d 215, 224 [102 P.2d 799]°; *People* v. *Lay,* 66 Cal.App.2d 889, 892 [153 P.2d 379]; *People* v. *Pollock,* 25 Cal.App.2d 440, 443 [77 P.2d 885]; *People* v. *Norrington,* 55 Cal.App. 103, 109 [202 P. 932].) The court properly refused a proposed instruction based on the theory of the necessity of resistance to the utmost and the instruction actually given on that subject fairly stated the applicable law.

The venue in the city and county of San Francisco was established against appellant by the testimony of a police officer that appellant pointed out to him the place in the hills where his car was stopped and that this point is within 400 feet of the San Francisco county line. (Pen. Code, § 782.)

It is suggested that there is a variance between pleading and proof since the information charges the commission of the crime *at* the city and county of San Francisco. We think there is nothing in the point (see *People* v. *Salorse,* 62 Cal. 139, 143-4) but if there were, appellant suffered no prejudice. The reliance of the prosecution on Penal Code, section 782, was made plain to appellant's counsel in the trial court. He did not there raise the question of variance and if he had, the

information could have been readily amended to plead the place of the offense in conformity to the proof. (*People* v. *Arnest*, 133 Cal.App. 114 [23 P.2d 812].)

■ It was not error to admit evidence that, after driving back to San Francisco where Glover left the car, appellant drove to an unfrequented spot, attempted by force to compel the complaining witness to commit upon his person the act denounced by Penal Code, section 288a, and then accomplished with her a normal sexual act. This was part of a continuous and unbroken course of conduct so intimately connected with the crime charged that it was proper to bring it all before the jury. (8 Cal.Jur., Criminal Law, § 175, p. 72.)

■ Appellant took the witness stand and, by way of impeachment, the prosecution introduced a certified copy of the minutes of the superior court showing that Francis Ford pleaded guilty to burglary in 1942, the offense was fixed at the second degree and the defendant granted probation for three years. The claim that there was no proof that the Francis Ford in that proceeding was the same person as appellant borders on the frivolous. Entirely apart from the presumption that arises from identity of name, no claim was even hinted in the trial court that the two were not the same person and no objection was urged to the introduction of the record on that ground. It was claimed in the trial court and is argued here that since burglary in the second degree may be punished by imprisonment in the county jail or in a state prison in the discretion of the judge imposing the sentence (Pen. Code, § 461, subd. 2) it is not a felony unless the defendant is sentenced to the state prison. The exact converse is true and it remains a felony unless and until the defendant is sentenced to a term in the county jail. (*People* v. *Williams*, 27 Cal.2d 220, 228-9 [163 P.2d 692].) ■ The fact that the period of probation fixed by the court's order had expired is likewise immaterial. (*People* v. *James*, 40 Cal.App.2d 740, 746 [105 P.2d 947].) The record was properly admitted as impeaching evidence under Code of Civil Procedure, section 2051.

We have examined the instructions given and those requested and refused and we find no prejudicial error suffered by appellant in the giving or refusal of any instruction.

Judgment affirmed.

Goodell, J., and Nourse, P. J., concurred.