[Crim. No. 4548.   Second Dist., Div. Three.   Apr. 9, 1951.]

THE PEOPLE, Respondent, v. RUSSELL G. PETERMAN,
Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Norman H. Soko-
low, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was accused of rape and
two counts of violation of section 288a of the Penal Code.
Trial by jury was waived.  He was convicted on the three
counts.  Although his notice of appeal states that he appeals

from "the judgment," it will be assumed that he appeals from each of the three judgments. His contention is that the evidence was insufficient.

On February 10, 1950, the defendant and the prosecutrix, who is a widow 63 years of age; became acquainted at a public dance hall. On that day it was agreed that defendant would go to her home the next day. He arrived there the next day about 5 p. m., and after he had been there a short while they went, at his suggestion, for a ride in his sedan automobile. Defendant drove to a place which was on a dirt road, about 200 yards off the main road, and was near two oil wells. The nearest house was about 1½ blocks away. According to testimony of the prosecutrix, after defendant stopped the automobile at that place he pulled her pants off without her consent and told her that he was going to kill her if she did not let him have sexual intercourse with her; then he pushed her over the front seat to the back seat and, without her consent and against her will, he had sexual intercourse with her; then they returned to the front seat, and she "wanted" him to take her home but he said, "No"; after a short while he went to the back seat again and told her he would take her home if she would come to the back seat with him; she went to the back seat because she wanted to go home and she was afraid that he would kill her if she did not get in the back seat; then he had another act of sexual intercourse with her. Also, in her testimony, she related facts which were legally sufficient to prove that defendant then committed two separate violations of section 288a of the Penal Code, and that such acts were committed without the consent and against the will of the prosecutrix and by putting her in fear of great bodily harm. She testified further that thereafter he said he would take her home if she would let him stay all night; after she replied that she would let him stay, he took her to her home; while they were standing by his automobile, after returning home, her son and her son's wife drove up to their house which is two houses from the home of prosecutrix; the prosecutrix introduced defendant to her son (who was 33 years of age), but she did not say anything to the son regarding the occurrences at the oil field; within a few minutes thereafter, about 6:15 p. m., defendant left, stating that he would return about 9 p. m.; after he had been gone about 15 minutes, he returned; and while he was gone she called the police.

A police officer testified that, while he and defendant were in front of the home of prosecutrix and were preparing to go to the police station, he asked the defendant if he had had intercourse with the prosecutrix, and the defendant replied, "No, nothing like that happened"; that a few minutes later he asked that question again, and defendant said that there had been intercourse and it was voluntary; that as they were driving to the station the defendant said to the prosecutrix, "Minerva [her first name], don't do this to me"; he told the officer that he loved that woman and he wanted to marry her; the officer asked him if he knew her last name, and he replied that he did not know it.

Defendant testified that the prosecutrix removed her underwear and allowed and encouraged him to have intercourse with her, and he had intercourse with her one time; he did not touch her in any way except of her own free will; he did not make any threat, and he did not use any force, against or upon her. He denied the statements made by her concerning violations of section 288a of the Penal Code.

■ Appellant contends, as above stated, that the evidence was insufficient to support the conviction of rape. He argues that it was incumbent upon the prosecution to prove that the prosecutrix was prevented from resisting the act of intercourse by a threat of great and immediate bodily harm accompanied by an apparent power of execution. In support of his argument that such proof was not made, he refers to her testimony that she did not strike him, she did not cry for help, she did not tell her son when she introduced defendant, and defendant did not strike her or display a weapon. It could be inferred reasonably from the evidence herein that the prosecutrix was in fear of great bodily harm, that such fear prevented her from making more resistance, and that defendant had apparent power to execute his threat to do bodily harm. There was evidence that she resisted him before he threatened her with such harm; that he pulled her underwear off against her will and resistance, and in pulling it off he tore it; that he threatened to kill her if she did not have intercourse with him; that prior to the first act, he pushed her over the back of the front seat of the automobile into the back seat; that he said, "I could kill for this"; he acted like a crazy man; that in the opinion of a physician, who examined her at the receiving hospital, a normal act of intercourse would not result in the bruises

which he found at the orifice of the vagina. As to the apparent power of execution of the threats, there was evidence that defendant weighed 180 pounds and was 43 years of age, and that she weighed 110 pounds and was 63 years of age. In *People* v. *Cassandras,* 83 Cal.App.2d 272 [188 P.2d 546], the evidence regarding resistance was similar to the evidence herein regarding resistance. The threats in that case were that defendant would call the police and have the children of the prosecutrix taken from her, he would not let her out of the room, and she should keep still if she did not want to get hurt. In that case, in holding that the evidence was sufficient to support the conviction, it was stated (p. 279) that submission induced by the fear specified in section 261 of the Penal Code is not consent. The fear specified in that section is fear of great and immediate bodily harm, accompanied by apparent power of execution.

Appellant contends also that, even if it be assumed that there was a violation of said section 288a, the prosecutrix was an accomplice as to such violation, and there was not sufficient corroboration of her testimony. It could be inferred reasonably that she did not consent to the performance of such acts and that those acts were committed when she was in the same fear as that which was referred to in discussing the charge of rape. Where a violation of said section 288a is committed without the consent of the prosecuting witness, it is not necessary that the testimony of such witness be corroborated. (*People* v. *Battilana,* 52 Cal. App.2d 685, 695 [126 P.2d 923].) A person who participates in an act in violation of said section solely because such person has been threatened with, and is in fear of, great bodily harm is not an accomplice. (*People* v. *Battilana, supra,* p. 697.)

The judgments are affirmed.

Shinn, P. J., and Vallée, J., concurred.