[Crim. No. 4638.   Second Dist., Div. Three.   June 27, 1951.]

THE PEOPLE, Respondent, v. ROBERT LESLIE
TOLLACK, Appellant.

170

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted by a jury of forcible rape. He appeals from the judgment and the order denying his motion for a new trial. The information charged defendant with having committed the act with force and violence, without the consent and against the will of the prosecutrix, and that she resisted the accomplishment of the act, but her resistance was overcome by force and violence. Defendant admitted the act. He claims that the evidence

does not support the verdict in that there was no evidence that the prosecutrix resisted but her resistance was overcome by force or violence, or that she was prevented "from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution." (Pen. Code, § 261(3) (4).)

About 11:30 p.m., as the prosecutrix was walking home on an unfrequented street, defendant stepped from behind a tree in the parkway and accosted her on the sidewalk. Defendant stopped her and would not let her pass. He told her "he was interested in a little loving"; that he had a knife and unless she did what he said he would use it. She testified that defendant "repeatedly mentioned about the knife"; that he "repeated over and over, 'I'll start with your face—I have a knife, and I will start with your face, and you do what I say or I will use the knife.'" Defendant had her walk to a secluded spot. He walked behind her. As she walked along, she hesitated; and each time she did, defendant mentioned the knife and said he intended to have what he wanted. She testified that she was in great fear, "[i]t was my fear of the knife that controlled my whole actions."

The verdict is sustained by the evidence. ■ If the female resists, but her resistance is overcome by force *or* violence, rape is committed under the conditions prescribed by subdivision 3 of section 261. ■ The gravamen of the offense is the use of force or violence sufficient to overcome the resistance of the female. Bodily injury is not the essence of the offense. ■ The word "force" implies physical power exerted upon a person or thing. (*People* v. *McIlvain,* 55 Cal. App.2d 322, 328, 331 [130 P.2d 131].) In *People* v. *Bradbury,* 151 Cal. 675 [91 P. 497], quoting from Bishop on Criminal Law, it was said, p. 677: "'The kind of physical force is immaterial; . . . it may consist in the taking of indecent liberties with a woman, or laying hold of and kissing her against her will.'" ■ The prosecutrix testified that while on the sidewalk defendant took her arm and turned her around; that he edged her from the sidewalk to the place where the act was committed; put his hands underneath her clothes and fondled her; put his hand inside her blouse; and that he raised and pushed her clothing aside. The evidence was sufficient to bring the offense within subdivision 3 of section 261. ■ If the female is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, rape is committed

under the conditions prescribed by subdivision 4. Threats to do bodily harm were made and the consent of the prosecutrix was obtained as a result of those threats. (*People* v. *Peterman*, 103 Cal.App.2d 322, 324 [229 P.2d 444].) The threats were accompanied by apparent power of execution. ██ "A submission induced by fear is not acquiescence." (*People* v. *Blankenship*, 103 Cal.App.2d 60, 67 [228 P.2d 835].) ██ The evidence was also sufficient to bring the offense within subdivision 4.

██ It is suggested that there was a prejudicial variance because, so it is argued, the information charged a violation of subdivision 3 of section 261 of the Penal Code, which defines the offense where the female resists but her resistance is overcome by force or violence, while the proof showed a violation of subdivision 4, which defines the offense where the female is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution. Regardless of the subdivision alleged in the information, if the evidence brings the case within any one of the subdivisions of section 261 the offense of rape has been established. (*People* v. *Blankenship*, 103 Cal.App.2d 60, 66 [228 P.2d 835].) Further, the evidence was sufficient to bring the case within either subdivision.

██ It is argued that because the prosecutrix did not resist physically, did not make an outcry, and did not obtain the license number on defendant's car, which he had parked at the curb where he stopped, her testimony was incredible. These matters were the concern of the jury and the trial judge on the motion for a new trial. ██ A reviewing court will not alter, or hold unsupported, a jury's findings merely because it might reasonably draw an inference different from one the jury reasonably drew. (*People* v. *Kerr*, 37 Cal.2d 11, 15 [229 P.2d 777].)

██ For the reasons we have given, it was not error to instruct the jury with respect to the circumstances under which rape may be accomplished, as specified in subdivision 4 of section 261 of the Penal Code.

The judgment and order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1951.