[Crim. No. 3247. First Dist., Div. Two. May 16, 1957.]

THE PEOPLE, Respondent, v. CHARLES CHAPMAN,
Appellant.

Joseph Jedeikin, under appointment by the District Court
of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General, Arlo E. Smith and Marvin J.
Christiansen, Deputy Attorneys General, for Respondent.

KAUFMAN, P. J.—The defendant, Charles Chapman, was
found guilty by a jury on two counts of violation of Penal
Code, section 470 for forgery of two checks on October 27,

1955, as charged in the information. He appeals from the judgment, contending that the evidence is insufficient to support the verdict; that certain evidence used against him was obtained as the result of an unlawful search and seizure; that the bringing of witnesses to his apartment for purposes of identification violated his privilege against self-incrimination; that the prosecution falsified evidence; that the conduct of the district attorney and of the court were prejudicial and resulted in an unfair trial. The defendant rejected the services of the public defender and conducted his own defense at the trial, however, we have carefully scrutinized the record and find no merit in any of these contentions.

The facts as disclosed by the record are: At about 11 a. m. on October 27, 1955, at the Market and New Montgomery Street Branch of the Bank of America in San Francisco, a man who identified himself as Robert Weldon cashed a check in the amount of $180.12, drawn by Manpower, Inc., on the First National Bank of Milwaukee, signed by A. R. Crowder and made payable to Robert Weldon. In the presence of the teller, Miss Davies, who appeared as a witness and identified the defendant as the Robert Weldon for whom she had cashed a check, the defendant endorsed the check "Robert Weldon, 2400 Pacific" and produced as identification, a temporary driver's license issued in Hollywood to Robert Weldon. Miss Davies testified that the signature on the temporary license and the signature endorsed on the check were identical. Two other witnesses, Mrs. Ollerton and Mr. Reinberg, both tellers at the Anglo-California Bank at 1 Sansome Street, identified the defendant as Robert Weldon for whom they had cashed similar checks on October 25, 1955, on the strength of the temporary driver's license. All the checks were payroll checks of Manpower, Inc. and were typewritten. At about 1 p. m. on October 27, 1955, the defendant appeared at Mrs. Ollerton's window and attempted to cash a similar Manpower, Inc. check, Number 3983 in the amount of $175.11. Mrs. Ollerton asked the defendant to have an officer of the bank to okay the check. The defendant then went in the direction of the bank officer and then to Mr. Reinberg's window. Mr. Reinberg cashed this check after the defendant had identified himself as Robert Weldon with the temporary driver's license, and had endorsed the check, "Robert Weldon." Mr. Reinberg testified that at this time the defendant was wearing a light green silk sport shirt with distinctive cuff links. A short while later Mr. Reinberg conversed with

Mrs. Ollerton about the defendant's check. Mr. Reinberg then telephoned Manpower, Inc., and talked to Mr. Crowder, who established that the check in question along with 19 others (Check Nos. 3967 through 3989) were missing, as that set of check numbers had not yet been reached. Mr. Reinberg then consulted with Mr. Ovel, a security officer of the Anglo-California Bank. At about 2 p. m. on October 27, 1955, Mr. Ovel and Officer Torre of the fraud detail of the San Francisco Police Department, were in the defendant's apartment at 1450 Clay Street. The record does not indicate how the connection was made between the man identified as Robert Weldon of 2400 Pacific and the defendant, nor how Officer Torre and Mr. Ovel entered the apartment. There is no evidence of an unlawful entry. The defendant came home at about 2:30, and according to his testimony asked the officer to leave as he had no arrest or search warrant; according to the officer's testimony, he and Mr. Ovel left as he wanted more positive identification. The officer also testified that at this time the defendant was wearing a light green silk shirt. About half an hour or an hour later, Officer Torre returned to the defendant's apartment with another police officer and Mrs. Ollerton and Mr. Reinberg, who identified the defendant. The defendant was placed under arrest. At this time the defendant was wearing a red shirt. The green shirt he had been wearing earlier was found in the closet and taken by the police officers. Officer Torre testified that at his first visit to the apartment he noticed a typewriter (which was also taken by the officers after the arrest) and a piece of yellow stationery with the name "A. R. Crowder" written on it twice. The piece of paper was not found in the apartment at the time of the arrest. The defendant denied the existence of this piece of paper. The defendant's roommate, however, testified to having seen such a piece of paper, as well as several checks. A. R. Crowder of Manpower, Inc., testified that the defendant had been temporarily employed as a clerk-typist from September 1955 until October 12th or 19th; that he had not signed the checks in question and that the defendant had no authority to sign checks for Manpower, Inc.; that there had never been a Robert Weldon employed by Manpower, Inc., in San Francisco. Mr. Schirtzinger, the defendant's roommate, testified that on the night of October 19, he had driven the defendant to the Manpower, Inc. office at around 11 p.m. to pick up a check that Manpower, Inc., owed to the defendant; that the defendant was gone about 30 minutes and

returned to the car saying he had been unable to obtain his check. Mr. Schirtzinger further testified that on October 27, 1955, he and the defendant left their Clay Street apartment about noon and he drove the defendant to various banks, as the defendant wanted to negotiate a loan to enter the interior decorating business. The defendant, when he took the stand, admitted that he could have been at the bank in question on October 25th and October 27th; that the green shirt and cuff links were similar to a shirt and cuff links he had owned. He stated, however, that other persons than he and Mr. Schirtzinger had access to the apartment and had permission to use the typewriter.

Further testimony showed that the typewriter seized by the police officers had been rented by the defendant on October 11, 1955, and that the checks in question were typed on this typewriter. Mr. Schirtzinger further testified that after the defendant was arrested, he found in the apartment the envelope of a letter from Capitol Records addressed to ''Robert Weldon, c/o Charles Chapman,'' at the Clay Street address; that this letter had arrived sometime before October 19th, that he had removed it from the mailbox and did not think anything of the strange name as the defendant was in the habit of using stage names. The defendant claims that the letter was addressed to him and that the district attorney or someone falsified a part of the name.

This letter, the shirt, and typewriter seized by the police officers at the time of the arrest were introduced into evidence. These items, the defendant relying on the rule expressed in *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], claims were the result of an unlawful search and seizure, and should not have been introduced against him. Respondent claims that the defendant cannot now raise this issue on appeal as he did not object properly at the trial on this ground. We find that as the defendant is not a lawyer, his objection that these items were obtained illegally and without his consent is a sufficient one. Merely because the officers could have obtained a search warrant does not render illegal their search without one. If the arrest is lawful, a search of the person and premises is a reasonable incident of a lawful arrest. (*United States* v. *Rabinowitz,* 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653]; *Trupiano* v. *United States,* 334 U.S. 699 [68 S.Ct. 1229, 92 L.Ed. 1663].) The facts as above stated indicate a sufficient probable cause for arrest without a warrant, so that it can be said that the shirt and typewriter were taken in a reasonable search incident to a lawful arrest.

Nor can we agree with the defendant that the evidence is insufficient to sustain the verdict. The rule as stated in *People* v. *Daugherty,* 40 Cal.2d 876 at page 885 [256 P.2d 911] is ". . . before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. . . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' " The evidence here abundantly establishes the fact of the defendant's guilt. The jury was properly instructed on the necessary elements of the crime of forgery and these elements were proven to their satisfaction.

 The defendant further contends that the bringing of witnesses to his apartment for identification purposes is a violation of the privilege against self-incrimination. As was pointed out by our Supreme Court in *People* v. *Haeussler,* 41 Cal.2d 252, at page 257 [260 P.2d 8], (cert. denied) 347 U.S. 931 [74 S.Ct. 533, 98 L.Ed. 1082], only testimonial compulsion is within the purview of the privilege. It has long been the law in this state that establishing the identity of a defendant by having him stand up or wear certain articles of clothing is not a violation of article I, section 13 of the state Constitution; *People* v. *Goldenson,* 76 Cal. 328 [19 P. 161]; *People* v. *Ferns,* 27 Cal.App. 285 [149 P. 802]; *People* v. *Trujillo,* 32 Cal.2d 105 [194 P.2d 681], (cert. denied) 335 U.S. 887 [69 S.Ct. 236, 93 L.Ed. 426]; *People* v. *Robarge,* 41 Cal.2d 628 [262 P.2d 14].

We find no merit in any of the other numerous allegations made by the defendant.

No prejudicial error appearing in the record before us, the judgment must be affirmed.

Judgment affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1957.