[Crim. Nos. 6229, 6230. Second Dist., Div. One. Nov. 10, 1958.]

THE PEOPLE, Respondent, v. FRED HENRY ADKINS, JR., Appellant.

[Two Cases.]

Fred Henry Adkins, Jr., in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

FOURT, J.—This case involves two separate appeals in separate cases. In each case the defendant appealed from "sentencing the said defendant to the State Prison for the term prescribed by law . . ., and from the order denying the defendant's motion for a new trial, and from the verdict or decision of this Court finding the defendant guilty of rape on January 8, 1958, and from all orders *enter* after rendition of the aforementioned judgments herein, and from the order of said court revoking the defendant's probation herein."

In this case the appellant requested the appointment of an attorney to represent him on this appeal. Pursuant to his request, an attorney was appointed to represent the appellant. The attorney so appointed examined the record on appeal and made a report to this court stating, "that no meritorious ground of appeal exists in either" case and that he had so informed the appellant, and thereupon asked to be relieved as counsel for the appellant. This court granted the request of the attorney. We made an independent investigation of the record and we determined that it would not be to the advantage of the appellant or helpful to this court to have other counsel represent the appellant. The appellant has filed a brief in his own proper person wherein he has set forth what, in his opinion, are reasons for reversing the judgments.

In the first case, the defendant was charged with burglary on February 8, 1957. He was represented by the public defender, and after a plea of not guilty, it was stipulated that the case might be submitted to the trial court on the preliminary hearing transcript. The court found the defendant guilty and fixed the crime as burglary in the second degree. Proceedings were suspended, the defendant was granted probation for three years under certain conditions, in part that he serve three months in the county jail, and upon release from jail report to the probation officer, that he obtain and maintain suitable employment and residence, that he support his children in Berkeley, that he not live with any woman unless legally married to her and that he obey all laws, court orders and directions of the probation officers, and that he make full restitution. The order granting probation was entered April 19, 1957. No appeal was taken from that order.

The defendant apparently failed to make any effort to contact the probation officer, he made no effort to contribute to the support of his children or to make restitution as ordered by the court. The court then ordered, on August 30, 1957, that the probation be revoked and a bench warrant to issue.

A violation of probation hearing was held on January 31, 1958, and judgment was pronounced. The defendant was sentenced to the state prison, the sentence to run concurrently with the sentence in the rape case hereinafter referred to.

The notice of appeal heretofore set forth was filed February 5, 1958. No appeal lies from the order revoking the defendant's probation. (*People* v. *Jennings,* 129 Cal. App.2d 120, 122 [276 P.2d 124] ; *People* v. *Boyce,* 99 Cal.App. 2d 439, 442 [221 P.2d 1011].)

In the second case the defendant was charged in an information filed October 10, 1957, in Los Angeles County, with rape committed on September 22, 1957, in violation of section 261, subdivision 4, of the Penal Code. The information also alleged that the defendant had, on November 10, 1950, been convicted of rape, a felony, in the county of Alameda, and that on February 29, 1957, he had been convicted of the crime of burglary, a felony, in Los Angeles County.

Without relating or setting forth all of the details of the crime, suffice it to say that Bertha J. Hutchison testified that she was acquainted with the defendant, but was not married to him on the date in question ; that on the evening of September 22, 1957, the defendant accomplished an act of sexual intercourse with her without her consent and by means of

force, namely by the use of a knife. She stated that the defendant, while holding the knife in a menacing fashion talked of "going to kill me and different things like that," and he also told of killing a man while he was in the Army. The knife which allegedly was used was taken from the defendant by the police upon his arrest and introduced into evidence. The witness further stated that she did not resist nor scream because she was afraid to under the circumstances.

Very shortly after the act was committed the prosecuting witness made a complaint and the police arrived. She was present when the police took the knife from the defendant.

The defendant testified that he had an act of intercourse with the prosecuting witness on the date and at the time in question; however, that such act was with her consent. He denied the use of any knife and stated further that he had had intercourse with the prosecuting witness on previous occasions. He admitted on cross-examination that he had previously been convicted of rape and burglary, as set forth and charged in the information.

The appellant asserts, in effect, that the victim's testimony was improbable. He also now presents a different story to this court than the one given by him under oath at the trial, in that he now claims that he was not telling the truth (that he was in fact committing perjury) when he said he had intercourse with the prosecuting witness on the date of the arrest, but that he was told by the public defender to "go along" with the prosecutrix in his story in order that he would not be "violated," that "it would come out for better."

A reading of the reporter's transcript of the testimony presents nothing which would appear to this court to be inherently improbable. (*People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758]; *People* v. *Harris,* 108 Cal.App.2d 84, 90 [238 P.2d 158].)

The real question as we view it is whether the prosecuting witness was prevented from resisting the act of intercourse by threats of great and immediate bodily harm, accompanied by apparent power of execution. ▮ In the case of *People* v. *Tollack,* 105 Cal.App.2d 169, at pages 171-172 [233 P.2d 121], it is set forth:

". . . If the female is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, rape is committed under the conditions prescribed by subdivision 4. Threats to do bodily harm were made and the consent of the prosecutrix was obtained as a

result of those threats. (*People* v. *Peterman,* 103 Cal.App.2d 322, 324 [229 P.2d 444].) The threats were accompanied by apparent power of execution. ▮ 'A submission induced by fear is not acquiescence.' (*People* v. *Blankenship,* 103 Cal. App.2d 60, 66 [228 P.2d 835].) The evidence was also sufficient to bring the offense within subdivision 4.

.    .    .    .    .    .    .    .    .    .

"It is argued that because the prosecutrix did not resist physically, did not make an outcry, and did not obtain the license number on defendant's car, which he had parked at the curb where he stopped, her testimony was incredible. These matters were the concern of the jury and the trial judge on the motion for a new trial. A reviewing court will not alter, or hold unsupported, a jury's findings merely because it might reasonably draw an inference different from one the jury reasonably drew. (*People* v. *Kerr,* 37 Cal.2d 11, 15 [229 P.2d 777].)''

▮ In this case the victim stated that the defendant held the open blade of the knife at her throat area, and talked of having killed a man in the Army and of killing her, and further, that he said he would stick the knife into her neck if she did not submit.

It was not unreasonable for the victim, under the circumstances, to believe that means of effecting great and immediate bodily harm was within the defendant's reach and to be afraid to resist or scream for help.

In the case of *People* v. *Ford,* 81 Cal.App.2d 580, at page 582 [184 P.2d 524], it is said:

". . . 'The courts no longer follow the primitive rule that there must be resistance to the utmost.' (*People* v. *McIlvain,* 55 Cal.App.2d 322, 329 [130 P.2d 131].) 'The resistance required in each case depends upon the circumstances of that case, such as the relative strength of the parties, the uselessness of resistance, the degree of force manifested and other factors. The resistance of the prosecutrix need only be such as to make nonconsent and actual resistance reasonably manifest.' (*People* v. *Burnette,* 39 Cal.App.2d 215, 224 [102 P.2d 799] ; *People* v. *Lay,* 66 Cal.App.2d 889, 892 [153 P.2d 379] ; *People* v. *Pollock,* 25 Cal.App.2d 440, 443 [77 P.2d 885] ; *People* v. *Norrington,* 55 Cal.App. 103, 109 [202 P. 932].)'' (See also, *People* v. *Cassandras,* 83 Cal.App.2d 272, 278 [188 P.2d 546] ; *People* v. *Tollack, supra.*)

▮ The appellant also urges that the prosecuting witness was inconsistent in some of her testimony. So far as we are

able to ascertain from a reading of the transcript, there are no inconsistencies, but even if there were, it is the function of the trial court, not of this court, to resolve such inconsistencies in the testimony of witnesses. (*People* v. *Morris,* 115 Cal.App.2d 312, 316 [252 P.2d 36]; *People* v. *Thomas,* 103 Cal.App.2d 669, 672 [229 P.2d 836].)

Although certified copies of the prior convictions, namely of rape and burglary, apparently were readily available to the district attorney, he for some reason not ascertainable from the face of the record saw fit not to introduce the same into evidence. Accordingly, the court did not pass upon the question of whether the defendant had previously been convicted of the crimes so charged in the information, and sentenced the defendant as a first offender.

No question is raised by the appellant as to the sufficiency of the evidence to support the judgment in the burglary case. The record reveals that at the time of the final revocation of probation in the burglary case, the defendant had been convicted of rape and there were ample reasons to revoke the probation theretofore granted.

There is ample evidence to sustain the conviction and judgment in the rape case.

It is ordered that the judgment in the rape case be affirmed, and the purported appeals from the nonexistent "order denying defendant's motion for a new trial" and "from the verdict on decision of this court finding defendant guilty of rape on January 8, 1958" are dismissed.

The purported appeal from the order revoking probation is also dismissed.

White, P. J., and Lillie, J., concurred.