[Crim. No. 4277. First Dist., Div. Three. Oct. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. NICK ESTERS, JR., Defendant and Appellant.

Nick Esters, Jr., in pro. per., and Robert S. Field, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael J. Phelan, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—Appellant was convicted of receiving stolen property (Pen. Code, § 496). He was also charged with a prior felony conviction, and the jury found this charge to be true. He appeals from the judgment, contending first that certain evidence should have been excluded by the trial court because it was the product of illegal search and seizure, and second that the trial court is in error in finding that his prior conviction is a felony rather than a misdemeanor.

██ The evidence is that on January 7, 1962, a burglary occurred at a Shell service station in Richmond. Property stolen in that burglary consisted of four white wall tires, three batteries, six cases of Shell X-100 motor oil, and various other items not here relevant. On January 10, 1962, appellant and a companion drove a car into a service station in Richmond operated by Cornelius Jones. Appellant asked Jones if he wished to buy some batteries. Jones asked to see the batteries and appellant opened the trunk of his car. In the trunk compartment Jones saw batteries, tires, and several cans of Shell X-100 motor oil. Jones told appellant he did not wish to buy any of the items, and appellant and his companion then drove away. Jones knew of the burglary of the Shell station from an account he had read in a newspaper, and had some knowledge of the property stolen in that burglary. He thought the items he had seen in appellant's car were stolen from the Shell station. He noted the license number of appellant's car and after appellant left, Jones called the police. Officer Leoppard responded and took a statement from Jones. The officer also knew of the burglary of the Shell station and had seen a list of the stolen property on the "Hot Sheet" issued by the police department. Jones gave Officer Leoppard a description of appellant and his companion, a description of appellant's car and its license number, and described the items he had seen in the trunk of appellant's car. Officer Leoppard caused this information to be broadcast at once and half an hour later

appellant's car was found parked and unoccupied on a Richmond street. Officers waited until appellant returned to his car, which was about two and one-half hours after the car was first located. Appellant was arrested on sight and his car searched. In the trunk compartment the officers found the property described by Jones. At trial this property was identified by its owner as part of the loot taken in the burglary of the Shell station. Appellant testified in his own defense, and stated that he had purchased the items found in his possession from a stranger; that he paid $40 for them; that he asked the seller if the items were stolen and was assured they were not stolen property.

In considering appellant's claim of illegal search and seizure we must first consider whether the officers had probable cause to arrest appellant, because if probable cause to arrest is established, then a search as an incident to the arrest would not be unlawful.

A police officer may make an arrest without a warrant whenever he has reasonable cause to believe that the person to be arrested has committed a felony. (Pen. Code, § 836, subd. 3.) There is no precise formula for the determination of reasonableness, and each case must necessarily be decided upon its own facts and circumstances, or as some cases have said "on the total atmosphere of the case." (See *People* v. *Ingle*, 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577], and cases cited.) Reasonable cause to arrest has been defined to be such a state of facts as would lead a man of ordinary prudence to believe and conscientiously entertain a strong suspicion that a person is guilty of a crime. (*People* v. *Ingle, supra,* at p. 412.) Reasonable cause exists "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." (*Henry* v. *United States*, 361 U.S. 98, 102 [80 S.Ct. 168, 4 L.Ed. 2d 134, 138].)

A search made as an incident to a lawful arrest, that is one based upon reasonable cause to believe that the person arrested has committed a felony, is a lawful search, even though made without a warrant. (*United States* v. *Rabinowitz*, 339 U.S. 56 [70 S.Ct. 430, 94 L.Ed. 653]; *People* v. *Hammond*, 54 Cal.2d 846, 853 [9 Cal.Rptr. 233, 357 P.2d 289]; *People* v. *Ingle, supra,* at p. 413.)

Here the trial court, in admitting the evidence, determined that the officers had reasonable cause to arrest appellant, and that the search incident to the arrest was reason-

able. We find no reason to disturb the trial court's finding. When Officer Leoppard responded to the call from Jones he had knowledge of the burglary at the Shell station, and from his familiarity with the "Hot Sheet" of the police department he knew in a general way the kind of property stolen in that burglary. In his testimony the officer stated that the "Hot Sheet" listed "motor oil, and batteries and tires." Jones told the officer he had seen motor oil, batteries and tires in the trunk compartment of appellant's car, and that appellant had tried to sell these items to him. Thus, information obtained by the officer from Jones tended to corroborate information then in the officer's possession, and reasonably justified the officer's belief that appellant was in possession of stolen property. It is true there is no evidence that Jones had previously given information to the police, but in the face-to-face interview Jones was identified as a person then in the service station business in the same community where the Shell station burglary took place, and the officer could reasonably believe that a thief or burglar might offer to sell stolen automobile supplies and equipment, such as those taken from the Shell station and described in the "Hot Sheet," to a person such as Jones. In *People* v. *One 1956 Porsche Convertible*, 175 Cal.App.2d 251 [345 P.2d 986], a filling station attendant told a police sergeant that two men had gone into the rest room of the station and stayed there for an unusual length of time; that he had looked in a window and observed circumstances indicating the use of narcotics. The description and license number of the car the men were driving was broadcast to all units of the police department. Shortly thereafter, an officer who received the call observed the car, and along with other officers, made an arrest and search. Narcotics were found. It was held that the arrest and search was made upon reasonable cause. We find no merit, therefore, in appellant's contention that his arrest. and the search which followed, were illegal or without probable cause.

Appellant also argues that since the officers located his car some two and one-half hours before he returned to it, they had ample opportunity to obtain a search warrant, and hence the actual search, made without a warrant was unreasonable. This is not correct. In *United States* v. *Rabinowitz, supra*, 339 U.S. 56, 65-66 [70 S.Ct. 430, 94 L.Ed. 653, 660], the court said: "It is not disputed that there may be reasonable searches, incident to an arrest, without a search

warrant. Upon acceptance of this established rule that some authority to search follows from lawfully taking the person into custody, it becomes apparent that such searches turn upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant, for the warrant is not required. . . . The relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.'' Here the trial court found, and we agree, that the officers had reasonable cause to believe appellant was in possession of stolen property, and hence his arrest was lawful. Search of appellant's vehicle, in which he had carried the property to Jones' service station and from which he had exhibited the property and offered it for sale to Jones, was reasonable under all the facts of this case. (See also, *People* v. *Chapman,* 151 Cal.App.2d 59 [311 P.2d 190] ; *People* v. *Valles,* 197 Cal.App.2d 362, 369 [17 Cal.Rptr. 204] ; *Lorenzen* v. *Superior Court,* 150 Cal.App.2d 506 [310 P.2d 180].)

■   Appellant's final contention is that it was error for the trial court to find that his prior conviction was a felony rather than a misdemeanor. Appellant's prior conviction was for possession of narcotics. (Health & Saf. Code, § 11500.) At the time of his prior conviction, punishment for this offense was fixed at imprisonment in the county jail or state prison. (Health & Saf. Code, § 11712.) The record before us shows that imposition of sentence was suspended, probation granted, and as a condition of probation appellant was required to serve six months in the county jail. The grant of probation was a discretionary act on the part of the court, and the requirement that appellant serve time in the county jail as a condition of probation did not constitute imposition of sentence to the county jail. (*People* v. *Banks,* 53 Cal.2d 370, 385, fn. 8 [1 Cal.Rptr. 669, 348 P.2d 102].) The rule is that where, as here, an offense of which a defendant is convicted is punishable by either imprisonment in the county jail or state prison, the offense is deemed a felony ''unless and until the defendant is sentenced to a term in the county jail.'' (*People* v. *Ford,* 81 Cal.App.2d 580, 583 [184 P.2d 524] ; *People* v. *Williams,* 27 Cal.2d 220, 229 [163 P.2d 692] ; *People* v. *Banks, supra,* at pp. 388, 391.)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 4, 1963.