FOURT, J.
 

 This is an appeal from a judgment of conviction of forcible rape in violation of section 261, subdivision 3, of the Penal Code.
 

 In an information filed in Los Angeles on June 29, 1966, defendant was charged with raping Caroline Maiden on May 21,1966, by force and violence. Defendant pleaded not guilty. A jury trial was waived and it was stipulated that the cause be submitted on the testimony in the transcript of the proceedings had at the preliminary hearing, with each side reserving the right to offer added evidence. Defendant testified and called one other witness, a taxicab driver. At the time of taking oral testimony, all witnesses were excluded from the courtroom until called to testify. Defendant was found guilty as charged and sentenced to the state prison, the term to run consecutively to any other sentence being served.
 

 A résumé of some of the facts is as follows: At or about 1:45 a.m. on May 21, 1966, Caroline Maiden started walking from her house to a neighborhood liquor store, which was three or four houses beyond hers, with the intention of purchasing some milk and a can of beer. She stopped at the corner for a street traffic signal and defendant drove up in his ear, opened the door and called out to her. Defendant mentioned something about an address and Mrs. Maiden stepped toward the ear in order to understand better what defendant was talking about. Defendant asked Mrs. Maiden if she wanted a ride and she responded in the negative. Defendant grabbed her arm, twisted it and pulled her part way into the car; he drove away with the door open and with Mrs. Maiden’s feet hanging out. Later she was seated in the car and defendant told her he had a knife and a gun and that if she did not do as he directed, he might have to use them. She attempted to convince defendant to take her to the store where she originally had intended to go or to her home where she was living with her six children and a grandmother. She attempted to jump out of the car on two or three occasions. Later defendant drove to a darkened area where there were no houses close by. Defendant then told Mrs. Maiden that they were going to engage in sexual intercourse and directed her to disrobe. She stated that she did not desire to take her clothes off. Defendant started to rip or forcibly take off her dress. He
 
 *561
 
 put his hands around her throat and said that he would hurt her “if I didn’t go along with him.’’ She made no agreement with defendant to have an act of sexual intercourse; however, she thought “he was really going to take me out there to kill me, so at that time I didn’t feel I had much choice.” Defendant did direct her to lie down on the seat of the car and did have an act of sexual intercourse with her. She made an effort to get up two or three times but defendant pushed her down and told her to stay down.
 

 Defendant then drove to a gasoline service station where Mrs. Maiden hailed a taxicab, got in and advised the driver, “Please let’s get out of here fast, hurry.” The driver of the cab stated that she appeared very excited, kept looking to the rear and asked him to hurry. The cab driver, called as a witness by defendant, stated that he picked up Mrs. Maiden as a fare sometime between 2:30 and 3:30 a.m. on the date in question.
 

 Mrs. Maiden did not report the rape for a few days out of consideration for her six children and her ailing grandmother.
 

 The defendant testified that on the way home from work about 7:30 p.m. he met Mrs. Maiden at a hamburger stand; that he paid her to have an act of intercourse with him and he was home by about 9 :30 or 10:30 p.m.
 

 Appellant now asserts that the evidence was insufficient to support the judgment and that a new trial should have been granted because he “did not understand all of the witnesses. ’ ’
 

 The trier of fact believed the prosecution witness, Mrs. Maiden, and appellant’s witness, the taxicab driver, and disbelieved appellant. We view the matter as an appellate court and we cannot say that it is made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion of the trial judge. (See
 
 People
 
 v.
 
 Newland,
 
 15 Cal.2d 678, 681 [104 P.2d 788];
 
 People
 
 v.
 
 Hillery,
 
 62 Cal.2d 692 [44 Cal.Rptr. 30, 401 P.2d 382].)
 

 The actual application of physical force is not an essential element of the crime of rape as charged in the information in this case. Threats of great and immediate bodily harm used to overcome resistance constitute sufficient force.
 
 (People
 
 v.
 
 Flores,
 
 62 Cal.App.2d 700 [145 P.2d 318];
 
 People
 
 v.
 
 Adkins,
 
 165 Cal.App.2d 29 [331 P.2d 195].) The threats need not be expressed in words—acts and conduct or the exhibition of a weapon may be used to convey the threat..
 
 (People
 
 v.
 
 Flores, supra,
 
 62 Cal.App.2d 700.)
 

 
 *562
 
 Without detailing the evidence in its minute detail, suffice it to say that the record is amply sufficient to support the judgment.
 

 Appellant also asserts that he did not understand the taxicab driver when he testified that he had picked up Mrs. Maiden at the service station at some time between 2:30 a.m. and 3 :30 a.m. The record is clear that at the time of the trial there was no thought in the minds of anyone, including appellant’s counsel, that appellant did not understand everything that was said and done in the trial. Appellant testified at length, his responses to questions were intelligent and had the judge believed him, he would have been found not guilty.
 

 “The question of the necessity of an interpreter, as distinguished from the question of whether one should be appointed when the necessity is clear, is a matter for judicial determination over which the trial court is permitted to exercise its discretion. [Citations.]”
 
 (People
 
 v.
 
 Estany,
 
 210 Cal.App.2d 609, 611 [26 Cal.Rptr. 757].) There is no showing of an abuse of discretion in this ease.
 
 People
 
 v.
 
 Avila,
 
 50 Cal.App. 228 [194 P. 768] upon which appellant places considerable reliance is not factually comparable to this case.
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.