**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Miguel SOLORIO–NUNEZ,**
**Defendant–Appellant.**

No. 07–10408.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed July 10, 2008.

Monte C. Clausen, George Ferko, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

**14**

Raul Armando Miranda, Miranda Law Office, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and FAIRBANK,* District Judge.

MEMORANDUM **

Miguel Solorio–Nunez ("Solorio–Nunez") appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. §§ 1362(a) and 1326(b)(2). Solorio–Nunez contends (1) the district court erred in applying a felony "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based upon his conviction for Willful Infliction of Corporal Injury to a Cohabitant under California Penal Code § 273.5, a "wobbler" statute; (2) the 41–month sentence imposed by the district court was procedurally unreasonable because the court failed to fully consider the factors under 18 U.S.C. § 3553(a); and (3) his sentence is substantively unreasonable. We affirm.

**I. Felony "Crime of Violence" Enhancement**

█ The district court properly applied an enhancement for a felony "crime of violence" based upon the Solorio–Nunez's conviction under California Penal Code § 273.5. That section provides for punishment as a felony or as a misdemeanor and is therefore a "wobbler" under California law. However, a felony judgment was imposed when the California court sentenced

Solorio–Nunez to three years incarceration in state prison, suspended execution of the sentence, and granted probation with 364 days in county jail as a condition of probation.

"Under California law, a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion [of the trial court] is actually exercised' to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (quoting *People v. Williams*, 27 Cal.2d 220, 163 P.2d 692, 696 (Cal.1945)). California Penal Code § 17(b) provides two ways for a court to exercise that discretion. *United States v. Diaz–Argueta*, 447 F.3d 1167, 1169 (9th Cir. 2006).

> When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> (1) After a judgment imposing a punishment other than imprisonment in the state prison.
>
> . . .
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal.Penal Code § 17(b).

Here, the California court did not exercise its discretion under either § 17(b)(1) or § 17(b)(3). A wobbler offense becomes a felony within the meaning of § 17(b) when the trial court sentences the defen-

---

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dant to a term in state prison for that offense and then suspends execution of the sentence. *See People v. Wood,* 62 Cal. App.4th 1262, 73 Cal.Rptr.2d 308, 311–12 (1998).

To exercise its discretion under § 17(b)(1), the court must actually impose a misdemeanor sentence. With two exceptions which are not applicable here, misdemeanor sentences may not exceed one year. Cal.Penal Code § 19.2. Solorio–Nunez's sentence of three years imprisonment, with execution suspended, was therefore a felony sentence. Incarceration in the county jail was simply a condition of probation and does not "convert" the sentence to a misdemeanor sentence. *See People v. Esters,* 220 Cal.App.2d 917, 34 Cal.Rptr. 264, 267 (1963) ("[T]he requirement that appellant serve time in the county jail as a condition of probation did not constitute imposition of sentence to the county jail.").

If a sentencing court suspends imposition of a sentence and grants probation, the court may later declare the offense to be a misdemeanor under § 17(b)(3). Here, rather than suspend imposition of a sentence, the state court imposed a prison sentence, but suspended its execution. Accordingly, § 17(b)(3) was not applicable. *See United States v. Robinson,* 967 F.2d 287, 293 (9th Cir.1992) ("[W]hen a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution stayed. In the latter case only, a judgment of conviction is rendered." (citing *People v. Arguello,* 59 Cal.2d 475, 476, 30 Cal.Rptr. 333, 381 P.2d 5 (Cal.1963))).

**II. Procedural Reasonableness**

Solorio–Nunez argues the district court committed procedural error in sentencing by failing to adequately consider the factors enumerated under 18 U.S.C. § 3553(a). Solorio–Nunez failed to object below. We therefore review for plain error. *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006), *cert. denied,* 547 U.S. 1214, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006).

■ Although the only 3553(a) factor the district court explicitly discussed on the record was the need to avoid unwarranted sentencing disparities, the court reviewed the submitted papers. We therefore "take it" the court gave the 3553(a) factors as outlined in the papers some consideration. *See United States v. Carty,* 520 F.3d 984, 996 (9th Cir.2008) (en banc). In addition, the court did not fail to respond "to a specific nonfrivolous argument tethered to a § 3553(a) factor." *See Carty,* 520 F.3d at 992. Considering the record presented, we find the district court did not plainly err. *Cf. United States v. Stoterau,* 524 F.3d 988, 999 (9th Cir.2008) ("[W]hen a defendant's arguments are straightforward and uncomplicated, the district court does not abuse its discretion when it listens to the defendant's arguments and then 'simply [finds those] circumstances insufficient to warrant a sentence lower than the Guidelines range.'" (quoting *Carty,* 520 F.3d at 995)).

**III. Substantive Reasonableness**

This Court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Grissom,* 525 F.3d 691, 696 (9th Cir.2008). This Court is to look at the totality of the circumstances, including the degree of variation from the Guideline range. *Carty,* 520 F.3d at 993.

■ Here, the properly-calculated Guideline range was 63 to 78 months im-

prisonment. The district court granted a four-level downward variance from a total offense level of 22 to a total offense level of 18. The district court sentenced the defendant to the low end of that range, 41 months. Considering the totality of the circumstances presented on the record, we find the sentence imposed is not an abuse of discretion.

**AFFIRMED.**