BOYD *v.* STATE.

(In Banc. Nov. 11, 1940.)

[198 So. 561. No. 34259.]

H. H. Bullock, of Brandon, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellant was indicted, tried and convicted in the Circuit Court of Rankin County, on a charge of rape, and sentenced to life imprisonment in the state penitentiary, from which sentence this appeal has been taken.

The alleged victim, a twelve-year-old girl, whose father was a neighbor of appellant's, went to the home of the latter for the purpose of taking a turtle to appellant's wife. The girl testified that she entered appellant's house, and asked for his wife; she was told that she was not at home, having gone to Jackson that morning; but appellant told her to lay the turtle on the floor. She testified that the appellant then seized her, struck her a blow on the jaw, threw her on the bed and raped her.

The proof for the state shows that the girl left her father's house about eleven o'clock in the morning, returning between twelve and one; that when she reached home she was crying, and told her father what had occurred; whereupon he had the mother of the girl examine her, the examination disclosing that she was bruised and bleeding, with other evidences of the assault.

That afternoon the father of the girl went to a justice of the peace and made affidavit against the appellant, who was arrested on the evening or night of the same day, and imprisoned in the county jail.

The offense had been committed on Saturday, and on the next day the parents took the girl to a physician, who made an examination, and whose testimony as to her condition supported that of her mother. The physician also made a miscroscopic examination of the secretion from the parts, and found male sperm therein. A neighbor woman came to the girl's home, and was permitted to examine her, finding a condition which sustained the mother's evidence.

The appellant on being arrested by the officer admitted that the girl came to his home on the morning in question; and on being asked by his wife why he permitted her to enter the house, stated that he did not permit her to come any further than the porch. The testimony for the appellant showed that he lived on the place of his mother-in-law, making a crop there, and early that morning was working in the field with his father-in-law, but becoming sick, went to the home of his mother-in-law, who gave him some medicine; but deciding that he would have to call a physician, and preferring to be in his own home, he returned there. The proof showed that he was alone in the house on the morning in question, the exact time of his wife's return being somewhat in dispute.

The appellant testified in his own behalf, denying the charge, and denying that the girl came to his place at all. He testified to having been sick, as stated above, and to having gone home before his wife's return from her trip to Jackson.

In rebuttal of the appellant's testimony the officer who arrested him was introduced. The appellant had denied having made the statement above referred to, while the officer testified that he did make such statement, as previously alleged. The evidence was sufficient to sustain the conviction.

In a supplemental assignment of error, and brief thereon, it is averred that the venue was not sufficiently proved. The girl testified that the offense had occurred in Rankin county, but did not know the state; that it occurred at the home of the appellant, a near neighbor, about seven or eight miles south of Florence, Mississippi. The girl's father testified that he lived in Rankin county, Mississippi, about seven miles south of Florence. The girl's mother testified that she lived in Rankin county, Mississippi, and also that appellant lived in Rankin county, Mississippi. It was clearly proved, therefore, that the offense was committed in Rankin county, Mississippi.

The contention of the appellant that the testimony of

the girl must be corroborated is without merit, because under the law of this state the girl's evidence is sufficient, if consistent with surrounding circumstances and conditions shown by the evidence. Here all the circumstances support the girl's testimony, and only the evidence of the defendant is inconsistent therewith. See Monroe v. State, 71 Miss. 196, 13 So. 884; McArthur v. State, 105 Miss. 398, 62 So. 417. The jury were the judges of the credibility of the witnesses. The other contentions set up are without merit.

The judgment of the court below is affirmed.

Affirmed.