[Crim. No. 6202.   Second Dist., Div. Two.   Aug. 18, 1958.]

THE PEOPLE, Respondent, v. BURNIS JOHN SHARP, Appellant.

Casey & Kerrigan and Richard Weller for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted of forcible rape defendant appeals from the judgment and an alleged order denying his motion for new trial. There is no such order in the record and that attempted appeal must be dismissed.

The appeal presents nothing more than an effort to obtain a reweighing of the evidence by this court, contrary to the governing rule laid down in *People* v. *Newland,* 15 Cal.2d 678, 681-682 [104 P.2d 778].

The argument centers upon the question of consent of the prosecutrix. Her testimony is that she was forced and that she resisted as long as she could. Defendant's version is to the contrary. There is nothing about the prosecutrix' testimony which stamps it as inherently incredible. (See *People* v. *Huston,* 21 Cal.2d 690, 693 [134 P.2d 758] ; *People* v. *Huston,* 156 Cal.App.2d 670, 671-672 [320 P.2d 175].)

The testimony of the prosecutrix requires no corroboration in a rape case (42 Cal.Jur.2d § 97, p. 286), but there is substantial corroboration in this instance — summoning of neighbors and making immediate complaint to them while in a hysterical and disheveled condition, followed by summoning the police. (42 Cal.Jur.2d § 68, p. 255.)

The extent and duration of the resistance to be offered by the assaulted woman is to be determined by her in the first instance. " 'The courts no longer follow the primitive rule that there must be resistance to the utmost.' (*People* v. *McIlvain,* 55 Cal.App.2d 322, 329 [130 P.2d 131].) 'The resistance required in each case depends upon the circumstances of that case, such as the relative strength of the parties, the uselessness of resistance, the degree of force manifested and other factors. The resistance of the prosecutrix need only be such as to make nonconsent and actual resistance reasonably manifest.' " (*People* v. *Ford,* 81 Cal.App.2d 580,

582 [184 P.2d 524].) ''The resistance must be proportioned to the outrage and must be judged in the light of all the accompanying facts, such as the relative strength of the parties, the age and the condition of the female person, the uselessness of resistance as it would appear to her, and the degree of force manifested, and what knowledge she had of the defendant's past conduct. She need not resist until either strength or consciousness is gone; her resistance need continue only until it becomes so apparently useless as to warrant its cessation.

■■■ ''Even when a woman yields in sexual intercourse to a male aggressor, if her yielding has been induced by fear that it is necessary to save her from violence or death or that it offers hope of so doing, her conduct in such circumstances does not constitute consent.' '' (*People* v. *Nazworth*, 152 Cal. App.2d 790, 795 [313 P.2d 113].) See also cases cited in 42 Cal.Jur.2d § 14, pp. 203-207.

Review of the transcript herein reveals that there is a substantial conflict in the evidence upon the controlling issues of the case; after a nonjury trial, the court resolved that conflict against the defendant and he presents no good ground for reversal.

Attempted appeal from order denying new trial is dismissed. Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 26, 1958, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1958.