IN THE MATTER OF THE APPLICATION OF FRED ELLS-WORTH BENNETT, FOR WRIT OF HABEAS CORPUS.

FRED ELLSWORTH BENNETT, APPELLANT, v. W. E. LEYPOLDT, SHERIFF OF CLARK COUNTY, RESPONDENT.

No. 4366

November 16, 1961                    366 P.2d 343

*Morse & Graves,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General, *John F. Mendoza,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Petitioner was charged in two separate complaints with rape committed on Catherine and Georgia Ann Bennett, both under the age of 18 years, on or about March 5, 1960. After a preliminary hearing in the Justice Court of Las Vegas Township he was bound over to the district court for trial. Thereafter, an information was filed in the district court below. Before trial on the information he petitioned the lower court for a writ of habeas corpus alleging that probable cause for binding him over for trial was not shown during the preliminary hearing in that the record at said hearing fails to disclose: (1) that petitioner was not the husband of either of the victims; (2) that petitioner was over the age of 16 years at the time of the alleged offenses; and (3) that

the act of intercourse, as related by each victim, was not corroborated.

Appeal is from the order denying the writ.

Appellant, said petitioner, in his designation of the contents of the record on appeal, requested the record to contain the two complaints filed in the justice court, the reporter's transcript of the proceedings at the preliminary hearing, the reporter's transcript of the hearing on the petition in the lower court, and the other papers on file therein. The exhibits introduced as evidence at the preliminary hearing were not designated by appellant to be contained in the record on appeal and are not before this court.

The transcript of the evidence at the preliminary hearing discloses that petitioner is the father of the two girls, and that the birth certificate of each girl was introduced in evidence as exhibits without objection showing that Catherine May Bennett was born January 26, 1943 and that Georgia Ann Bennett was born June 6, 1944.

With respect to the relationship of the parties and the age of the accused, Georgia Ann Bennett in her testimony identified him as her father, and the record shows that Catherine Bennett was her sister. This evidence, together with the appearance of the accused in court and the birth certificates,[1] was sufficient to show that the accused at the time of the alleged intercourse was over the age of 16 years and was not the spouse of either of the victims, his daughters. Such evidence, with proof of the other elements of the crimes, is legally sufficient for the justice of the peace to conclude that the public offenses had been committed and that the accused was the perpetrator. See Goldblatt v. Harris, 74 Nev. 74, 322 P.2d 902.

Appellant's final claim that the act of intercourse in each case was not corroborated is without merit.

---

[1]We assume that each birth certificate contains the name of the child's father; otherwise appellant would have included them as a portion of the record on appeal.

We find in the record evidence corroborating the testimony of each minor relating to the act of intercourse. Furthermore in this state the testimony of a prosecutrix in a rape case need not be corroborated. Martinez v. State, 77 Nev. 184, 360 P.2d 836, citing State v. Diamond, 50 Nev. 433, 264 P. 697.

As stated in Raggio v. Bryan, 76 Nev. 1, 348 P.2d 156, 157:

"Respondent, having been bound over to the district court for trial as a result of a preliminary hearing at which sufficient legal evidence was presented to make it appear that a public offense had been committed as charged and there was sufficient cause to believe him guilty thereof, was under such circumstances not unlawfully restrained of his liberty."

Affirmed.

BADT, C. J., and THOMPSON, J., concur.