ROGERS v. STATE.

5081                                              373 S. W. 2d 705

Opinion delivered December 23, 1963.
[Rehearing denied Jan. 27, 1964.]

Eugene W. Moore, for appellant.

Bruce Bennett, Attorney General, by Jerry L. Patterson and Beryl F. Anthony, Jr., Assistant Attorneys General, for appellee.

GEORGE ROSE SMITH, J. This appeal is from a verdict and judgment finding the appellant guilty of rape and sentencing him to imprisonment for life.

We find the evidence sufficient to support the verdict. At the time of the offense, March 10, 1963, the prosecutrix was twelve years old. The accused, a mature divorced man, had been keeping company for several months with the child's mother, a widow. On the day in question Rogers asked the child to stay with his own mother, who was ill, while he did some carpentry work at a house nearby. The two left the child's home in his car, but he did not drive to his mother's house. Instead, he parked the car on a lonely side road and, according to the prosecuting witness, committed two acts of rape.

In the meantime the child's mother had gone in her own car to bring her daughter home. After a short search the mother discovered the defendant's parked car. The prosecutrix, crying, at once fled to her mother and related what had taken place. The child was taken to Dr. McCoy, whose examination disclosed that her private parts were inflamed and contained what "looked like a typical male ejectory excretion." (The doctor was not asked whether he had prepared slides so that his findings might be confirmed by laboratory tests.) It was Dr. McCoy's opinion that the prosecutrix had recently had sexual intercourse.

The evidence that we have narrated is substantially undisputed. Rogers testified that he had been drinking for three or four days before the Sunday in question. He remembered having driven away from the home of the prosecuting witness with the intention of going to his mother's house, but he professed to have no recollection of anything that happened immediately thereafter.

Even without the persuasive testimony of Dr. McCoy the evidence given by the prosecuting witness is sufficient to support the conviction, there being no requirement that her testimony be corroborated. *Hodges v. State,* 210 Ark. 672, 197 S. W. 2d 52; *Stevens v. State,*

231 Ark. 734, 332 S. W. 2d 482. We find nothing in the record to indicate that the trial court was in error in holding this child to be a competent witness. *Needham v. State,* 215 Ark. 935, 224 S. W. 2d 785.

The principal argument made by the appellant's present counsel, who did not try the case, concerns an objection made to certain testimony given by Dr. Kirby. This physician examined the child on the day following the offense and, like Dr. McCoy, found evidence of irritation. He also took saline washings for laboratory examination. His testimony then continues in this manner:

"Now, being coroner I was called on Monday morning at the laboratory at the Boone County Hospital where the saline solutions were taken and where they had a slide which they said was given to them by Dr. McCoy—

"[Defense counsel]: We object. Hearsay.

"The Court: Sustained.

"Q. From your examination there, and what you were able to wash out and find, in your opinion, there had been male sperm, or there was nothing but male sperm in her?

"A. These washings were sent to Mr. [sic] Mae Nettleship, and she told me—

"[Defense counsel]: We object.

"The Court: Sustained.

"Q. From what you saw was there male sperm in there?

"A. I didn't see any sperm, but that was a day later.

"Q. Did you see the slide left by Dr. McCoy?

"A. I did, the one Dr. McCoy identified as the slide.

"Q. In your opinion was that sperm?

"A. It was.

"[Defense counsel]: We object.

"The Court: Overruled.

"[Defense counsel]: Exceptions."

It is now contended that the State did not lay a proper foundation for Dr. Kirby's comment upon the slide prepared by Dr. McCoy. That is, inasmuch as Dr. McCoy did not testify that he prepared the slide and delivered it to the hospital laboratory, Dr. Kirby's reference to the slide as "the one Dr. McCoy identified" necessarily involved a resort to hearsay.

There are two fatal weaknesses in this contention. First, there was no objection to the statement that Dr. McCoy had identified the slide. In fact, the only objection that the court overruled was to the next question and answer: "Q. In your opinion was that sperm? A. It was." The objection was apparently based upon the fact that the doctor was being allowed to express an opinion. Upon that basis the objection was properly overruled, for the witness had qualified as an expert. If counsel intended to rely upon the hearsay rule as well, that rule should have been brought to the court's attention.

We considered a similar argument in *Conway* v. *Hudspeth*, 229 Ark. 735, 318 S. W. 2d 137. There the objection in the trial court was apparently made in reliance upon the hearsay rule. On that basis it was correctly overruled. In rejecting the same contention that is now before us, that no proper foundation had been laid, we said:

"It is now insisted that no proper foundation for Steen's rebuttal was laid . . . In fairness to the trial court this contention cannot be sustained. The only objection to Steen's rebuttal was this: 'If the court please, the statement to him by J. Lee Hensley is not admissible.' The court ruled that the evidence was competent for the sole purpose of going to Hensley's credibility, and the objection was pursued no further. We think the court reasonably understood the objection as being based upon the hearsay rule, and upon that understanding the ruling was correct. If counsel thought that

no proper foundation had been laid, the point should have been brought specifically to the court's attention. Had that course been followed the omission now complained of might readily have been supplied in the trial court."

Secondly, the only pertinent assignment in the appellant's motion for a new trial is this: "The court erred in permitting Dr. H. V. Kirby to interpose irrelevant answers to questions after the court had ruled the same not admissible." This objection goes only to the matter of relevancy; there is no complaint that part of Dr. Kirby's testimony may have been based upon hearsay. When the motion for a new trial assigns only one specific reason for an objection to certain testimony a different reason cannot be urged upon appeal. *Burrow v. Hot Springs,* 85 Ark. 396, 108 S. W. 823.

We find no prejudicial error in the record.

Affirmed.