Carl Donald **FRITTS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14182.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1968.

Rehearing Denied July 31, 1968.

Carroll Samara and John C. Monk, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in error, Carl Donald Fritts, was charged by information in the Common Pleas Court of Oklahoma County with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and sentenced to Sixty Days in the county jail and a fine of $30.00. From that judgment and sentence he has perfected his appeal to this Court, alleging numerous assignments of error; but only urging one general allegation of error in the brief: That the judgment and sentence should be reversed for prejudicial error of the Court in admitting into evidence a statement made by defendant at scene of arrest, resulting in a denial of defendant's constitutional rights.

It will not be necessary to recite the facts and testimony of this cause, as the only portion we are concerned with in this allegation of error is the testimony of Officer Hughston which appears at page 21–22 of the casemade, as follows:

"Q. Did you hear this man speak?

A. We conversed at the scene while we were waiting on the wrecker.

Q. Describe his speech to the jury, if you will.

A. His speech was very slurred and at times he would ramble and say things that weren't pertinent to what was going on. *However, I did ask him if he had anything to drink and he stated, 'yes, he had been drinking all night before and all that day'.*" (Emphasis ours.)

Defendant alleges that this statement was a violation of his rights under the "protective umbrella" prescribed by the United State Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and Escobedo v. State

of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

In order for these cases to apply to *any* instance, the defendant must have been compelled to make this statement in custodial interrogation. However, the testimony in the casemade in the instant case (pg. 19–20) reveals *the officer had, in fact, warned the defendant of his constitutional rights, even though he was only arresting him for a traffic violation.*

■ The United States Supreme Court, in the Miranda case, supra, stated:

"In dealing with statements obtained through interrogations, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession *or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.*" (Emphasis ours.)

Re-stated by this Court in Lung v. State, Okl.Cr.App., 420 P.2d 158.

■ It appears that the procedural safeguards demanded by Miranda, supra, were not present in the instant case. The defendant was arrested on a public street, on a Sunday afternoon. And, as noted in the Attorney General's brief, it is obvious from the defendant's testimony, he did not feel he was substantially in custody, since he requested the officer—both at the scene and later at the police station—to allow him to take a cab and go home. This certainly was not the testimony of a man who had been intimidated, or who had been interrogated, or who even thought the offense serious enough that he would not be allowed to take a cab home. He obviously did not feel need of counsel, or request counsel, nor was he denied benefit of counsel. If, at the trial, counsel for defendant seriously believed his defendant's rights had been violated, he would have shown by his testimony that he felt intimidated or coerced; instead of just being stopped for a traffic violation.

■ This Court is of the opinion that the defendant was not subjected to questioning within the contemplation of Miranda or Escobedo, supra. We do not think that the evils with which the United States Supreme Court was concerned in Miranda were present.

The defendant was not held incommunicado in an isolated setting in the privacy of an interrogation room in a police station. He was not swept from familiar surroundings into police custody, surrounded by antagonistic forces and subjected to the techniques of persuasion.

At the time of the statement, defendant was standing on a public street on a Sunday afternoon, beside the car in which he had been driving, in the presence of *one* police officer who had stopped him for a traffic violation. Defendant knew if he posted bail, after being held a period of time to sober up, he would be free to proceed on his way. Under no stretch of the imagination was he subjected to "custodial interrogation".

We see no practice here, such as concerned the United States Supreme Court in Miranda, supra, requiring assurance that it be eradicated. The compelling atmosphere inherent in the process of in-custody interrogation was not present.

■ This Court is of the opinion that the question asked by the police officer did not amount to the "custodial interrogation" as contemplated by Miranda, and feel that neither the Miranda or Escobedo cases, supra, are factually similiar to the instant case, and, therefore, would not compel the

state to demonstrate the use of the procedural safeguards therein enunciated, even though the officer went further than required, and did so advise defendant.

■ This Court is not of the opinion that the Miranda decision, under any and all circumstances, protects the accused to the extent that no inquiry at all by the authorities is permissible without prior warning. [However, it is the better practice to follow, as in the instant case, so that there can be no doubt existing that the defendant was advised of his constitutional rights.]

For us to hold that the admission of the defendant in the instant case could not be introduced in evidence would be an extension of Miranda which we feel is not compelled by the opinion.

For the above and foregoing reason, and in line with the authorities cited, the case is affirmed.

BUSSEY and BRETT, JJ., concur.