[Crim. No. 15214.    Second Dist., Div. One.    Dec. 3, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE CHARLES DONELSON, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of rape.

In an information filed in Los Angeles January 22, 1968, defendant was charged with forcibly raping Thelma Lewis on December 30, 1967. Defendant pleaded not guilty. In a nonjury trial defendant was found guilty as charged and sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: at about 3:30 a.m. on December 30, 1967, Thelma Lewis was awakened from her sleep when a light in her bathroom was turned out. Mrs. Lewis called out her daughter's name and then heard an affirmative grunt in an unfamiliar voice. She got out of bed, turned on the bedroom light and defendant came from the bathroom area, put out the bedroom light and lunged at Mrs. Lewis, hit her in the mouth and knocked her onto the bed.

Defendant pulled her off the bed, struck her again and demanded that she remove her garments or he would cut her. Defendant forced Mrs. Lewis into the living room, compelled her to lie down on a couch and then with force and compulsion engaged in an act of sexual intercourse with Mrs. Lewis against her will. Mrs. Lewis screamed for defendant to leave her alone and each time she screamed defendant struck her again. The grandchildren of Mrs. Lewis who were staying in the apartment at the time were also screaming.

Mrs. Lewis left the apartment and proceeded across the street where she awakened some neighbors and told them what had occurred. The police were called. The police arrived at the apartment of Mrs. Lewis and she related to them what had taken place. Defendant was at the apartment and was arrested. When the officers arrived Mrs. Lewis had bumps on her skin and was bloody around the mouth—the defendant was disarrayed and had obviously been drinking. A kitchen window had been raised and the screen was off the window.

Mrs. Lewis was taken to a hospital and received treatment for cuts and bruises.

Defendant testified that in fact he had an act of intercourse with Mrs. Lewis at that time and occasion but that he had exerted no force or compulsion.

Appellant now asserts that the evidence was insufficient to support the judgment. There is no merit to the contention.

This court is not prepared to state that upon no hypothesis is there sufficient substantial evidence, circumstantial or otherwise, to support the conclusion reached by the trial judge. (See *People* v. *Newland,* 15 Cal.2d 678, 681-682 [104 P.2d 778]; *People* v. *Battilana,* 52 Cal.App.2d 685, 691 [126 P.2d 923]; *People* v. *Ogden,* 41 Cal.App.2d 447, 455 [107 P.2d 50].) There clearly was evidence of threats made by appellant to Mrs. Lewis and a submission induced by fear is not acquiescence. (*People* v. *Blankenship,* 103 Cal.App.2d 60, 66 [228 P.2d 835]; *People* v. *Tollack,* 105 Cal.App.2d 169 [233 P.2d 121].) There also was evidence of resistance and whether the resistance was genuine and bona fide are for the trier of fact. (*People* v. *Austin,* 198 Cal.App.2d 669, 675 [18 Cal.Rptr. 209]; *People* v. *Sharp,* 162 Cal.App.2d 833, 834-835 [328 P.2d 535].)

Appellant testified in answer to questions by the court that he previously had been arrested a number of times for drunk, disturbing the peace, assault and battery. It is also fairly clear that appellant gained entrance into the apartment

through the kitchen window. The appearance of Mrs. Lewis when the police arrived would support the view that she had been subjected to violence. (See *People* v. *Kessler,* 221 Cal. App.2d 187 [34 Cal.Rptr. 433] ; *People* v. *Smith,* 144 Cal.App. 2d 84 [300 P.2d 149] ; *People* v. *Trawick,* 78 Cal.App.2d 604 [178 P.2d 45].)

The evidence clearly supports the judgment.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.