449 P.2d 837

The STATE of Idaho, Plaintiff-Respondent,

v.

James Robert RASSMUSSEN, Defendant-Appellant.

No. 9966.

Supreme Court of Idaho.

Jan. 27, 1969.

Henry F. Reed, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

James Robert Rassmussen, the defendant-appellant, was found guilty by a jury of the crime of procurement, alleged by the information to have been committed in Boise, Idaho, on or about January 14, 1966. The trial court, on the basis of the jury verdict, entered judgment that the defendant was guilty of the crime charged and that he be punished by imprisonment in the state penitentiary for a term of two years. This prison term, however, was commuted and the defendant ordered imprisoned in the county jail for sixty days. The defendant appeals from this judgment.

The principal issue presented by this appeal is whether a conviction for the crime of procurement, I.C. § 18–5602,[1] can be

---

1. 18–5602. Procurement—Definition and penalty.—Any person who shall place any female in the charge or custody of any other person for immoral purposes or in a house of prostitution or elsewhere with intent that she shall live a life of prostitution; or any person who shall compel or shall induce, entice, or procure, or attempt to induce, entice or procure or compel any female to reside with him or with any other person for immoral purposes, or for the purposes of prostitution, or

sustained upon the uncorroborated testimony of the prosecutrix, or whether it is necessary that there be evidence to corroborate her testimony. This issue is one of first impression before this court.

The record upon which the judgment of conviction is based reflects the following: The prosecutrix was employed as a cocktail waitress in a nightclub in Boise; on the evening of January 14, 1966, the prosecutrix was at work when the defendant approached her, put his arm around her and stated to her:

"* * * 'Gee, it is nice to have you back in town, don't leave town again because I am going to kidnap you and take you with me,' * * * 'I have got a big deal for you, I have a new whorehouse in Nevada. I want you to come and help me run it, and it will be about $500 a week.'"

The prosecutrix testified that the defendant had made similar statements to her before this time, and that although no money changed hands between them and no particular place was mentioned she did not think he was joking. She also testified that she was not engaged in prostitution and that she was not interested in the defendant's offer.

Another woman testified that the defendant had offered her a job in Nevada, but she was unable to state whether the defendant was referring to prostitution. Other witnesses called by the defendant testified to the effect that although the defendant was in the particular nightclub on the evening the alleged event took place, he was absent therefrom at the time stated by the prosecutrix.

On appeal the defendant contends that his conviction cannot be sustained on the basis of the uncorroborated testimony of the prosecutrix.

■ Although there are no Idaho cases directly in point, appellant, by way of analogy, points to several Idaho decisions requiring corroboration of the testimony of a prosecutrix in rape cases and in cases involving lewd and lascivious conduct with minors. He asserts that the rule requiring corroboration in that type of case should be applied here. The rule requiring corroboration of the prosecutrix's testimony in rape cases was first stated by this court in State v. Anderson, 6 Idaho 706, 59 P. 180 (1899):

"Undoubtedly the rule is that a defendant may be convicted of the crime of rape upon the uncorroborated testimony of the prosecutrix; but this is only so when the character of the prosecutrix for chastity, as well as for truth, is unimpeached, and where the circumstances surrounding the commission of the offense are clearly corroborative of the statements of the prosecutrix." 6 Idaho at 709, 710, 59 P. at 181.

See also State v. Baker, 6 Idaho 496, 56 P. 81 (1899); State v. Short, 39 Idaho 446, 228 P. 274 (1924); State v. Bowker, 40 Idaho 74, 231 P. 706 (1924); State v. Hines, 43 Idaho 713, 254 P. 217 (1927). This same rule has been extended to prosecutions for lewd and lascivious conduct. State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953). Appellant would have us extend it further

shall compel or attempt to induce, entice, procure or compel any such female to reside in a house of prostitution, or compel or attempt to induce, entice, procure or compel her to live a life of prostitution, shall be guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by a fine of not less than $1000 nor more than $5000, or by both such fine and imprisonment.

Any person who shall induce, entice or procure or attempt to induce, entice or procure any woman or girl for the purpose of prostitution or concubinage, or for any other immoral purpose, or to enter any house of prostitution in this state, shall be deemed guilty of a felony, and, on conviction thereof, shall be punishable by imprisonment in the state prison for a period of not less than two years nor more than twenty years, or by a fine of not less than $1000 nor more than $5000, or by both such fine and imprisonment."

to prosecutions for procurement under I.C. § 18–5602. This we decline to do.

Wigmore states that

"At common law, the testimony of the prosecutrix or injured person, in the trial of all *offenses against the chastity of women*, was alone sufficient evidence to support a conviction; neither a second witness nor corroborating circumstances were necessary." 7 Wigmore on Evidence, § 2061, p. 342 (3d ed. 1940). (Emphasis added.)

The contrary rule requiring corroboration is almost exclusively a creation of statute. See 7 Wigmore on Evidence, § 2061, fn 2, pp. 346–354 (3d ed. 1940), for a collection of these statutes. Referring to this statutory rule requiring corroboration for various sex crimes, Wigmore states:

"Furthermore, a rule of law requiring corroboration has probably little actual influence upon the jurors' minds over and above that ordinary caution and suspicion which would naturally suggest itself for such charges; and the rule thus tends to become in practice merely a means of securing from the trial judge the utterance of a form of words which may chance to be erroneous and to lay the foundation for a new trial. Finally, the purpose of the rule is already completely attained by the judge's power to set aside a verdict upon insufficient evidence, and under this power verdicts are constantly set aside, in jurisdictions having no statutory rule, upon the same evidence which in other jurisdictions would be insufficient under the statutory rule requiring corroboration.

"The fact is that, in light of modern psychology, this technical rule of corroboration seems but a crude and childish measure, if it be relied upon as an adequate means for determining the credibility of the complaining witness in such charges. * * * This statutory rule is unfortunate in that it tends to produce reliance upon a rule of thumb." 7 Wigmore on Evidence, § 2061, pp. 354–355 (3d ed. 1940).

Wigmore's reasoning is to us persuasive and has been followed in the vast majority of those jurisdictions not having a specific statute requiring corroboration. Indeed, it accurately states what has long been the prevailing common law rule.

Appellant has cited no authority from this jurisdiction, or from any other jurisdiction, holding that corroboration is required to sustain a conviction under statutes similar to I.C. § 18–5602. Although the State has cited some authority from which it can be inferred that corroboration is not essential to uphold a conviction for procurement or somewhat similar offenses (see for instance People v. Moseley, 240 Cal.App.2d 859, 50 Cal.Rptr. 67 (1966); Mazer v. State, 231 Md. 40, 188 A.2d 552 (1963); and Newsome v. State, 172 Tex.Cr.R. 272, 356 S.W.2d 313 (1962)), there is a wealth of authority explicitly following the common law rule as stated by Wigmore.

In State v. Fleckenstein, 60 N.J.Super. 399, 159 A.2d 411 (1960), the court sustained a conviction for lewdness and carnal indecency, pointing out that:

"The rule at common law and in most jurisdictions today is that in the absence of statute, a conviction for a morals or sex offense may be sustained on the uncorroborated testimony of the victim. 7 Wigmore on Evidence, § 2061 p. 345 (3rd Ed.1940); Annotation 60 A.L.R. 1124, 1125 (1929). New Jersey statutes generally do not require corroboration for a conviction for a morals or sex offense. In the exceptional cases where the Legislature intended to impose the requirement of corroboration for the conviction of a crime, it did so expressly * * *." 159 A.2d 411, at 414.

A great many other cases in other states have upheld convictions for various sex crimes ranging from rape to indecent liberties, explicitly holding that in the absence of a specific statute, corroboration of the victim's testimony is not required: Rogers v. State, 237 Ark. 437, 373 S.W.2d 705

(1963) (rape); People v. Sharp, 162 Cal. App.2d 833, 328 P.2d 535 (1958) (rape); State v. Field, 157 Me. 71, 170 A.2d 167 (1961) (rape); Application of Bennett, 77 Nev. 429, 366 P.2d 343 (1961) (rape); Boyd v. State, 189 Miss. 609, 198 So. 561 (1940) (rape); Scott v. State, 349 P.2d 47 (Okl.Cr. App. 1960) (rape); Wright v. State, 364 S.W.2d 384 (Tex.Cr.App. 1963) (rape); Day v. Commonwealth, 187 Va. 457, 47 S.E.2d 362 (1948) (rape); State v. Beacraft, 162 W.Va. 895, 30 S.E.2d 541 (1944) (rape); Hummel v. State, 210 Ark. 471, 196 S.W.2d 594 (1946) (sodomy); Hans v. State, 147 Neb. 67, 22 N.W.2d 385 (1946) (abortion); Commonwealth v. Allabaugh, 162 Pa.Super. 490, 58 A.2d 184 (1948) (sodomy); People v. Carlson, 73 Cal.App. 2d 933, 167 P.2d 812 (1946) (lewd and lascivious conduct); State v. Trujillo, 60 N.M. 277, 291 P.2d 315 (1955) (indecent handling); State v. McCall, 245 Iowa 991, 63 N.W.2d 874 (1954) (incest); State v. Wood, 235 N.C. 636, 70 S.E.2d 665 (1952) (incest). See also the dissenting opinion of Justices Givens and Taylor in State v. Madrid, 74 Idaho 200 at 210, 259 P.2d 1044, at 1050 wherein they state:

"It is more consonant with and in furtherance of this legislative intent to apply, as to corroboration of the victim who is not an accomplice, the common law rule which in the absence of a statute, was that the testimony of the victim, if not contradictory or incredible or inherently improbable, and not inconsistent with the admitted or uncontradicted facts of the case, and if the victim's reputation for truth and veracity is not impeached, is sufficient to sustain a conviction and need not be corroborated."

Idaho has no statute requiring corroboration in prosecutions brought under I.C. § 18–5602. I.C. § 19–2115 provides that:

"Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing, or taking away an unmarried female of previous chaste character, under the age of eighteen years, for the purpose of prostitution, or aiding or assisting therein, the defendant can not be convicted upon the testimony of the women upon or with whom the offense was committed, unless she is corroborated by other evidence."

At the same session of the legislature which enacted this requirement for corroboration there was also enacted what is now I.C. § 18–5609.[2] Reading these two statutory provisions together it is evident that the legislature intended that for a prosecution under what is now I.C. § 18–5609, the testimony of the prosecutrix be corroborated under the requirements of I.C. § 19–2115.

The legislature has thus spelled out in I.C. § 19–2115 the precise situation in which corroboration is required. It has chosen to require corroboration when the victim is an unmarried female, of previous chaste character, and under the age of eighteen years. There being no similar requirement for prosecutions under I.C. § 18–5602 when the victim is, as she was in this case, married and over the age of eighteen years, it is our opinion that corroboration is not needed in such a case.

Additionally it should be noted that when the legislature enacted I.C. § 18–5602 in 1911, the statutory requirement (I.C. § 19–2115) for corroboration of the testimony of a prosecutrix under the provisions of

2. 18–5609. "Enticing unmarried female of chaste character under eighteen years of age into prostitution or illicit sexual connection—Penalties.—Every person who inveigles or entices any unmarried female of previous chaste character, under the age of eighteen years, into any house of ill-fame, or of assignation, or elsewhere, for the purpose of prostitution, or to have illicit carnal connection with any man; and every person who aids or assists in such inveiglement or enticement, is punishable by imprisonment in the state prison not exceeding five years, or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding $1000, or by both such fine and imprisonment."

I.C. § 18–5609 had been a part of the statutory law of this state for two decades. We cannot presume that the legislature was unaware of these prior enactments. Had it been the legislative intent to require corroboration in prosecutions under I.C. § 18–5602, this requirement should have been spelled out.

It is our opinion that there is an additional reason for not extending the rule requiring corroboration to prosecutions under I.C. § 18–5602. Unlike the crimes of rape and lewd and lascivious conduct which involve physical acts of the accused, often producing physical evidence of the crime, the gravamen of the crime defined by I.C. § 18–5602 in most instances revolves around communications between the accused and the prosecutrix. Such communications will invariably occur in private surroundings, there being no evidence of their occurrence, save for the testimony of the prosecuting witness. As stated by the New Mexico Supreme Court in State v. Trujillo, 60 N.M. 277, 291 P.2d 315 (1955),

> "In the foregoing cases we have plainly held that corroboration is not required in cases of statutory rape because the usual concomitant facts present in common law rape, such as torn and disarranged clothing, wounds and bruises, outcries, etc., neither necessarily nor ordinarily appear. If this be the rationale for such decisions, then the reason is fully as strong for not requiring corroboration in the crime of indecent handling or touching of a minor below the prescribed age. Such corroborating, concomitant facts peculiar to common law rape cases, are as unlikely to appear in cases of indecent handling as in cases of statutory rape." 291 P.2d at 319.

▮ The credibility of the prosecutrix will at all times be an issue for resolution by the jury. Moreover, it is our opinion that the jury would naturally approach the uncorroborated testimony of a prosecutrix with caution, and any verdict would always be subject to the inherent power of the trial court, or of this court, to set it aside if it is not supported by the evidence. We agree with Wigmore that these are sufficient safeguards for the accused. 7 Wigmore on Evidence, § 2061, pp. 354–355. If the additional element of corroboration of the testimony of the prosecutrix should be required, the purpose for the enactment of I.C. § 18–5602 would be greatly diminished.

Lacking any statute requiring corroboration, we choose to follow the common law and therefore hold that the testimony of the prosecutrix, who was unimpeached, need not be corroborated in order to sustain the conviction.

As a secondary issue, the defendant contends that the trial court erred in denying his objection to certain testimony of a police officer, which ruling the trial court later reversed, ordering the jury to disregard the testimony. During the State's case in chief, Officer Lee testified to certain statements the defendant made at the police station. Six months after the defendant's arrest on the present charge, he was again brought to the police station on another charge of leaving the scene of an automobile accident. Defendant contacted his attorney, and after conversing with his attorney he went upstairs with Officer Lee for the purpose of being "booked" on the charge of leaving the scene of an accident. Defendant's attorney, who had advised him to go along with the police officer and cooperate in the booking process, remained downstairs to arrange for defendant's bail.

During the routine "booking" process, Officer Lee asked defendant to state his occupation for the purpose of placing the information on the arrest card. The defendant replied that he was a pimp. The officer told him to be serious and repeated the question, but the defendant again responded that he was a pimp, and the officer put that down on the card. Officer Lee's testimony was admitted, over the defendant's objection, by the trial court, but upon reconsideration, the trial court struck this testimony and admonished the jury to disregard it.

Appellant asserts that information obtained by this type of in-custody interrogation, in the absence of counsel and without an effective waiver of counsel, is inadmissible and comes within the areas of interrogation proscribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Several other jurisdictions have considered whether questioning during the booking process is the kind of "in-custody interrogation" proscribed by Miranda v. Arizona. In Clarke v. State, 3 Md.App. 447, 240 A.2d 291 (1968), the defendant, while being booked, was asked where he was employed. He replied that he worked at the Topaz House. As a result of this information the police checked that place and found stolen property. Affirming a conviction for grand larceny, the court stated:

> "The three questions concerning the Appellant's name, address and place of employment which were asked by another officer, whose responsibility it was to carry out the booking procedure, did not, in our opinion, constitute an interrogation of the type contemplated by the Court in *Miranda*. The questions were routine; were ordinarily addressed to every individual who was subject to the booking procedure; and were not intended to elicit answers which would incriminate the Appellant." 240 A.2d at 294.

Similarly in People v. Hernandez, 69 Cal. Rptr. 448 (Cal.App.1968), the booking officer had asked the appellant his birthdate. Later at the trial the defendant's age became relevant and his statement incriminating. Nevertheless the court held it admissible:

> "The further alleged ground for the motion [to exclude the statement] was that the requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, had not been complied with prior to eliciting the birthdate of the defendant. But we hold that the *Miranda* requirements did not apply to this situation inasmuch as nothing was asked of the defendant concerning his alleged crime; there was no process of interrogation 'designed to illicit incriminating statements.' (People v. Walters, 252 A.C.A. 352, 252 Cal.App.2d 336, 60 Cal.Rptr. 374). The simple statement of one's age, which is apposite at a different time and place than the crime of which a defendant is accused and which comes in a different context from the arrest, is not subject to the *Miranda* rationale in circumstances such as existed here." 69 Cal.Rptr. at 454–455.

To the same effect are People v. Ireland, 70 Cal.Rptr. 381 (Cal.App.1968); and Fritts v. State, 443 P.2d 122 (Okl.Cr.App.1968). See also People v. Stewart, 62 Cal.2d 571, 43 Cal.Rptr. 201, 400 P.2d 97 (1965); People v. Sanchez, 65 Cal.2d 814, 56 Cal. Rptr. 648, 423 P.2d 800 (1967); People v. Massie, 241 Cal.App.2d 812, 51 Cal.Rptr. 18 (1966). Although these latter three cases were decided prior to the decision in Miranda v. Arizona, supra, and held only that the routine questioning conducted during the booking process does not violate the rule in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), their rationale has been reaffirmed by People v. Hernandez, supra, and People v. Ireland, supra, since the decision in Miranda v. Arizona, supra. See also: Sheldon H. Elsen and Arthur Rosett, "Protections for the Suspect Under Miranda v. Arizona," 67 Columbia Law Review 645 at p. 662.

■ It seems clear that the questioning conducted during the booking process in the present case was not the type of interrogation proscribed by Miranda v. Arizona, supra, and that, in any event, the appellant had immediate access to his counsel whenever he desired. Under such circumstances Officer Darrell Lee's testimony as to appellant's admitted occupation was admissible.

The judgment of conviction is affirmed.

SMITH, C. J., and TAYLOR and SPEAR, JJ., concur.

SMITH, C. J., and TAYLOR, J., participated in this decision prior to Retirement.

McQUADE, Justice (dissenting).

As the majority opinion notes, some corroboration of the testimony of the prosecutrix in rape and lewd and lascivious conduct prosecutions long has been required in Idaho.[1] The majority declines to require some corroboration in prosecutions for procurement under I.C. § 18–5602. The majority applies the maxim *expressio unius est exclusio alterius* to hold that I.C. § 19–2115, which requires corroboration in prosecutions for procurement of females under the age of eighteen, excludes any requirement of corroboration when the prosecutrix is over the age of eighteen, as apparently she is in the present case.

However, on the basis of the relevant policy considerations, it would appear that the better course would be to apply by analogy the rationale of the latter criminal procedure statute to require corroboration in the case at bar.[2] The two statutes dealing with offenses against females under eighteen were enacted in 1887. I.C. § 18–5609 set out the substance of the offense and I.C. § 19–2115 set out the corroboration requirement as part of the procedure of prosecuting that offense. I.C. §§ 18–5601 through 18–5608 were enacted in 1911 by S.L. 1911, ch. 205, §§ 1–10, but a parallel corroboration provision was not added to Chapter 21 of Title 19 of the Idaho Code governing criminal procedure. Although legislative acts must be presumed to be reasonably undertaken, yet no compelling reason appears why the failure of the legislature to enact a corroboration requirement for the testimony of a prosecutrix over the age of eighteen in procurement prosecutions should be viewed as more than an inadvertent omission. Such an omission should be corrected interstitially by this Court, especially when statutes relating to criminal procedure generally are to be liberally construed in favor of the accused.[3]

The requirement of corroboration is a safeguard for the accused in relation to charges against which it is difficult to defend. The Idaho precedents indicate that this safeguard should be applicable in all sex crimes. After a review of cases dealing with lewd and lascivious conduct, statutory rape, sex perversion, sodomy and incest, the Court in the *Madrid* case stated:

'⬛ In harmony with the declared public policy of this state with reference to the necessity of corroboration of testimony of the complaining witness in such sex crimes, we hold that the testimony of the prosecuting witness in the prosecution for lewd and lascivious acts must be corroborated either by direct evidence or evidence of surrounding circumstances which clearly corroborate the statements of the complaining witness under the rule as laid down in the case of State v. Elsen, supra, in order that a conviction under the act may be sustained." [4]

Thus, both the decisional and the statutory analogies available with respect to the

1. See State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963); State v. Madrid, 74 Idaho 200, 259 P.2d 1044 (1953); and State v. Elsen, 68 Idaho 50, 187 P.2d 976 (1947), as well as numerous other cases cited in each of the foregoing.

2. Sutherland, Statutory Construction § 4917 (Horack ed. 1943) (Limitations [of *expressio unius est exclusio alterius*]): " * * * where an expanded interpretation of a statute will accomplish beneficial results, serve the purpose for which the statute was enacted * * * or is the established custom, usage or practice, the maxim will be refuted and an expanded meaning given;" see also Gellhorn, "Contracts and Public Policy," 35 Col.L.Rev. at 690–692 (1935), quoted in Hart & Sacks, "The Legal Process: Problems in the Making and Application of Law" 490–491 (tent. ed. 1958).

3. Sutherland, op. cit. n. 2, supra, § 5601.

4. *Madrid*, note 1 supra 74 Idaho at p. 208, 259 P.2d at p. 1049.

case at bar would require that some corroboration be required. The majority apply the general common law rule that "corroboration of a prosecutrix's testimony to sustain a conviction for a sex offense" is not necessary. This alters the established rule in Idaho that corroboration is necessary in the generality of sex crimes.

The majority argue that, though the corroboration requirement will seldom prevent valid prosecutions for rape because physical evidence is often available, yet such a requirement could make attempted procurement convictions harder to acquire because mere verbal communications constitute the offense. Of course, that is the purpose of the corroboration requirement. It is precisely because criminal liability is attached to what may be minimal or ambiguous verbal conduct that some form of corroboration should be required. In the present case, appellant's putting his arm around the prosecutrix and his use of the word "kidnap" tends to give his statement a facetious quality.

The majority further argue that the criminal communications of attempted procurement "will invariably occur in private surroundings, there being no evidence of their occurrence, save for the testimony of the prosecuting witness." However, in this very case the statement was made in a public tavern with at least four other girls nearby. Moreover, the precedents hold that only where the testimony of the prosecutrix is wholly without corroboration will the conviction fail. "No hard and fast rule can be laid down on the subject of corroboration. Each case must depend upon its own merits and * * * circumstances." [5] In this case, the prosecutrix repeated appellant's statement to the manager of the tavern where she was employed and to a detective soon after it was made and under conditions of apparent sincerity. This may have been sufficient corroboration of the testimony of the prosecutrix, but I cannot concur in the affirmance of the conviction without the application of the rule requiring some corroboration.

5. *Elsen,* note 1 supra, 68 Idaho at p. 55, 187 P.2d at p. 978.